BYRNES (PARKER v.). See Case No. 10,-728.

---

## Case No. 2,274.

### BYRNES v. The ROCKAWAY.

[Betts' Scr. Bk. 243.]

District Court, S. D. New York. Nov. 7, 1851.

ADVANCES ON BILL OF LADING—RIGHTS OF PARTY MAKING—SUIT BY SURVIVING PARTNER.

[1. A bill of lading for delivery to a named consignee was issued to one joint charterer, and thereafter a like instrument was delivered to the other. The latter transmitted the bill received by it to libellant, who made advances thereon, and who also claimed a balance of account, on other transactions as against such charterer. Held, that libellant was entitled, as against the other consignee, to recover of the ship the value of the property included in the bill of lading assigned to him, and belonging to the assignor, to the amount of any balance due from such assignor.]

[2. The actual party in interest being entitled to sue in admiralty, the fact that proceedings were brought in the firm name by the surviving partner was not a valid objection, where it appeared that claimants, in dealing with the survivor, knew that, after his copartner's death, he continued to do business in the name of the firm.]

[3. An agreement between the charterers as to the priority of the bills of lading could not affect the rights of the libellant.]

[In admiralty. Libel by Patrick W. Byrnes & Co. (Edward Saul, survivor) against the ship Rockaway to recover the value of property set out in a bill of lading. Decree for libellant.]

J. W. Shaw & Co., and Pilkington & Wilson, of Liverpool, the claimants, April 19, 1850, jointly chartered the ship and freighted her with 380 passengers, to be transported from Liverpool to this port. The charterers were to furnish her with stores, provisions, water, and medicine chest, in common. J. W. Shaw & Co. purchased and put on board all the provisions, charging one-half to Pilkington & Wilson; but it did not appear that the charge had been satisfied by the latter. The latter supplied the medicine chest, and it appears the parties furnished water casks in about equal quantities. On the 28th of May, after the ship was laden, the master executed bills of lading to J. W. Shaw & Co., for the delivery of the surplus stores, water casks, and medicine chest to the libellants, who were the consignees of the ship and passengers in New York. On the 23d of May, the master had executed a like bill of lading to Pilkington & Wilson, for the delivery of the surplus stores, etc., to Daniel Pilkington, in New York. J. W. Shaw & Co. transmitted their bill of lading to the libellants, who made advances upon it before the arrival of the ship; and they also claimed a balance of account against J. W. Shaw & Co., as consignees and brokers of that house, for other passenger ships and transactions of the same character as the present. The course of business was for the libellants to sell the surplus stores, water casks, etc., so consigned to them in New York, or to return them consigned to their correspondents in Liverpool, to be there sold; and the proceeds, in either case, were credited to the account between the claimants and J. W. Shaw & Co. On the arrival of the ship, about July 20th, in New York, the libellants presented their bill of lading, and demanded a delivery of the articles. Daniel Pilkington got out a permit for landing the goods consigned to him, and presented it before the delivery was made to the libellants, and the master of the ship then refused to make delivery of the property under the libellants' bill of lading, until the permits of D. Pilkington were satisfied. But a small portion of the goods were delivered to the libellants; the residue were delivered to the consignee of the claimants on their bill of lading. J. W. Shaw & Co. became insolvent in July, 1850.

P. W. Byrnes & Edward Saul originally composed the firm of P. W. Byrnes & Co.,

and transacted business with J. W. Shaw & Co. Mr. Byrnes died some years ago, and the business has since been conducted by Mr. Saul, in the former name of the firm, as was well known to J. W. Shaw & Co. The court decided that, if the exception taken by the claimants to the action being brought in the name of P. W. Byrnes & Co. was properly interposed by answer, it could not avail; that the actual party in interest was entitled to sue in admiralty courts, and it was mere matter of form, not regarded by those courts, whether the contract was made with the libellant personally, or in the name of others. In this case, as well known to the contracting parties, P. W. Byrnes & Co. meant Edward Saul alone, and courts of civil law will not arrest proceedings because of a variation between the name used in the action of the contracting party and the real party in interest. On the merits the court decided, that the libellant was entitled to recover, against the ship, the value of the property included in the bill of lading which belonged to J. W. Shaw & Co. when shipped, to the amount of any balance due him from them. The court further held, that any engagement or assent to J. W. Shaw & Co. that the bill of lading of Pilkington & Wilson should take priority over that of the libellants, or that Daniel Pilkington, of New York, should take the property, could not affect the rights of the libellants. By consigning the bill of lading to them for a valuable consideration, J. W. Shaw & Co. lost all control over the property, until the purpose of that assignment was satisfied. An order of reference to a commissioner was made, with special directions carrying out the purpose of the decree; and the question of costs was reserved until the coming in of the commissioner's report.